UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

KENNETH COLLINS,

        Plaintiff,

        v.

UNIVERSITY PRESS OF MISSISSIPPI, and
PHOTOFEST INC.,

        Defendants.

------------------------------------------------------------x

07 CIV 7067

Civ. Action No.

**JURY TRIAL DEMANDED**

ECF Case



## COMPLAINT

### THE PARTIES

1. Plaintiff Kenneth Collins ("Collins") is a professional photographer who resides at 171 Clermont Avenue, Brooklyn, New York 11205.

2. Defendant University Press of Mississippi ("University Press"), upon information and belief, is a non-profit corporation duly incorporated under the laws of the State of Mississippi, with its principal offices at 3825 Ridgewood Road, Jackson, Mississippi 39211-6492.

3. Defendant Photofest Inc. ("Photofest"), upon information and belief, is a corporation duly incorporated under the laws of the State of New York, with its principal offices at 32 East 31st Street, 5th Floor, New York, New York 10016.

### JURISDICTION AND VENUE

4. This is a civil action for copyright infringement arising under Title 17 of the United States Code § 101 et seq., and this Court has subject matter jurisdiction over Collins' copyright infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over defendant Photofest because it transacts business within this District, both generally and specifically regarding the allegations in this Complaint, and because Photofest has committed tortious acts within this District.

6. This Court has personal jurisdiction over defendant University Press because it has transacted business within the District, both generally and specifically regarding the allegations in this Complaint; contracted to supply goods or services in the District; and committed tortious acts within and without the state causing injury to property within the state. Furthermore, University Press expects or should reasonably expect its acts to have consequences within the District; derives substantial revenue from interstate or international commerce; derives substantial revenue from goods used or consumed or services rendered in the District; and regularly does or solicits business in the District.

7. Venue properly lies within this District under 28 U.S.C. §§ 1391(b), (c) and 1400(a) because University Press and Photofest are subject to personal jurisdiction and have committed acts of copyright infringement in this District.

## BACKGROUND

8. Plaintiff Collins is a professional photographer whose photographs have been widely published in the United States and abroad. Collins licenses his images to and for publication by clients such as museums, newspapers, and magazines.

9. Collins owns a registered copyright on a photograph entitled "Coen Brothers." The registration number for this copyright is VA 1-404-595, and it has an effective date of March 13, 2007. This Complaint hereinafter will refer to this photograph as the "Coen Brothers Photograph." Collins has at all times retained the copyright to the Coen Brothers Photograph. There has been no sale, assignment or transfer of the copyright.

10. In September 2006, defendant University Press, a book publisher, published a book edited by William Rodney Allen entitled <u>The Coen Brothers Interviews</u>, that has Collins' Coen Brothers Photograph on the cover and an interior page.

11. On the interior page with the photograph, as well as on the back cover, defendant Photofest is credited for the Coen Brothers Photograph.

12. Upon information and belief, defendant Photofest is a business that sells and licenses photographs for which it expressly does not own the copyrights.

13. Photofest admitted to Collins on or about December 13, 2006 that it provided the Coen Brothers Photograph to University Press in exchange for monetary compensation.

## COUNT I

### <u>University Press Infringes Collins' Copyright on the Coen Brothers Photograph</u>

14. Collins repeats and realleges paragraphs 1 through 13 of his Complaint as if set forth fully herein.

15. Collins holds a valid and exclusive registered copyright to the Coen Brothers Photograph that is the subject of this action.

16. University Press reproduced, distributed and displayed the Coen Brothers Photograph without Collins' authorization.

17. The actions and conduct by University Press as described above infringe upon the exclusive rights of Collins granted by Section 106 of the Copyright Act, 17 U.S.C. § 106, to display, reproduce, and distribute the registered copyright work to the public.

18. Such actions and conduct by University Press constitute copyright infringement under Section 501 of the Copyright Act, 17 U.S.C. § 501.

19. University Press obtained the Coen Brothers Photograph from Photofest, which maintains an internet website that announces that Photofest "is not the copyright owner" of any of the images. *See* http://photofestnyc.com (last visited August 6, 2007).

20. Upon information and belief, University Press' infringement has been deliberate, willful, and wanton.

21. As a result of the copyright infringement described above, Collins is entitled to relief, including, but not limited to, injunctive relief, compensatory damages, punitive damages, costs, and prejudgment interest.

22. The conduct of University Press is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff immediate and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting University Press from further infringing Plaintiff's copyright, and ordering University Press to destroy all copies of books containing the Coen Brothers Photograph, and any other prints of the Coen Brothers Photograph, made in violation of Plaintiff's exclusive rights.

## COUNT II

### Photofest Directly and Contributorily Infringes Collins' Copyright on the Coen Brothers Photograph

23. Collins repeats and realleges paragraphs 1 through 22 of his Complaint as if set forth fully herein.

24. Collins holds a valid and exclusive registered copyright to the Coen Brothers Photograph that is the subject of this action.

25. Upon information and belief, Photofest created a copy of the Coen Brothers Photograph and sold it to University Press for use on the cover and an interior page of the book "The Coen Brothers Interviews."

26. The actions and conduct by Photofest as described above infringe upon the exclusive rights of Collins granted by Section 106 of the Copyright Act, 17 U.S.C. § 106, to display, reproduce, and distribute the registered copyright work to the public.

27. Such actions and conduct by Photofest constitute direct copyright infringement under Section 501 of the Copyright Act, 17 U.S.C. § 501.

28. Additionally, Photofest, in exchange for monetary compensation, provided the Coen Brothers Photograph to University Press with the knowledge and purpose that University Press would make further copies of and distribute further the Coen Brothers Photograph. As set forth above, these actions and conduct by University Press constitute direct copyright infringement of Plaintiff's exclusive rights under 17 U.S.C. § 106.

29. Upon information and belief, Photofest knowingly induced, caused, or materially contributed to University Press's infringing conduct.

30. Such actions and conduct by Photofest constitute contributory copyright infringement, in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106, 501.

31. Photofest's internet website announces that Photofest "is not the copyright owner" of any of the images. *See* http://photofestnyc.com (last visited August 6, 2007).

32. Upon information and belief, Photofest's infringement has been deliberate, willful, and wanton.

33. As a result of the copyright infringement described above, Collins is entitled to relief, including, but not limited to, injunctive relief, compensatory damages, punitive damages, costs and prejudgment interest.

34. The conduct of Photofest is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff immediate and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Photofest from further infringing Plaintiff's copyright, and ordering Photofest to destroy all copies of the Coen Brothers Photograph made in violation of Plaintiff's exclusive rights.

## RELIEF REQUESTED

WHEREFORE, Collins prays for relief as follows:

A. For an order permanently enjoining defendants from infringing Collins' copyright in the Coen Brothers Photograph pursuant to Sections 502 and 503 of the Copyright Act, 17 U.S.C. §§ 502 and 503;

B. For an award of defendants' profits and for damages in such amount as may be found pursuant to Section 504 of the Copyright Act, 17 U.S.C. § 504;

C. For an award of punitive damages for defendants' deliberate, willful, and wanton conduct;

D. For an award of costs pursuant to Section 505 of the Copyright Act, 17 U.S.C. § 505;

E. For an award of prejudgment interest on the amount of any award to plaintiff; and

F. For such other and further relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Collins demands a trial by jury on all issues so triable.

Dated: August 8, 2007

Respectfully submitted,

_/s/_____
Philip L. Hirschhorn (PH 3861)
Matthew D. Stratton (MS 6644)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
(212) 309-6000

Attorneys for Plaintiff Kenneth Collins